MARTIN HARMON, *ex dem.* SAMUEL FAY *et al.* *against* MOSES TAFT and SETH COGSWELL, Tenants.

*The deed of a feme covert conveying land held in her own right, must be executed and acknowledged conformably to the* lex loci, *where the land lies.*

EJECTMENT for a right of land in *Charlotte,* to wit, the original right of *John Southgate.*

Common rule entered. General issue joined and put to the Jury.

Plaintiff's evidence :

First. Copy of the charter of *Charlotte,* recorded in the proprietor's records, dated 24th *June,* 1762. *John Southgate,* an original grantee.

Secondly. Deed from *John Southgate* to *Sarah Southgate,* dated *July* 3d, 1762.

Thirdly. Deposition of *John Hopkins,* proving the intermarriage of *Sarah Southgate* with *Azariah Dickinson.*

Fourthly. A deed from *Azariah Dickinson* and *Sarah* his wife, late *Sarah Southgate,* to the lessor of the plaintiff, dated the 8th of *October,* 1773, and acknowledged by both in common form before a Justice of the Peace, *Hampshire* County, Commonwealth of *Massachusetts.*

*Daniel Chipman*, counsel for the tenants, objected to this last deed.

By common law, a *feme covert* cannot convey real estate, neither can her husband convey that which is held in the right of his wife.

The conveyance, to be legal, must be predicated upon statute. The plaintiff shews no statute either from *New-York, New-Hampshire,* or this State, authorising this mode.

HALL, Judge. By common law a *feme covert* can convey neither real or personal property. Before this deed can be read to the Jury, it must appear that there was some existing law authorising the conveyance of land by a *feme covert* in this mode, or that the acknowledgment of this deed is consonant with some statute of this State.

WOODBRIDGE, Chief Judge. The *lex loci* where the land is, ought to regulate the conveyance. At the time this deed was executed and acknowledged, this territory was under the jurisdiction of *New-York,* and the deed, to be operative, ought to have been executed and acknowledged agreeably to the existing laws of that then colony. The deed cannot be read to the Jury.

Plaintiff nonsuited.

NOTE. In this cause, after the rejection of the deed by the Court, it was moved to introduce it as a lease, conveying the life estate of the husband in the premises.

Harmon
v.
Taft and Cogs-
well.

*Sed per Curiam.* It cannot be read for that pur-
pose. *Hesitante Hall.*

This decision has been since shaken.